IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HELEN BERRY,                              )
                                          )
        Plaintiff,                        )
                                          )
    -vs-                                  )    Civil Action No. 16-1712
                                          )
NANCY A. BERRYHILL,[1]                    )
COMMISSIONER OF SOCIAL SECURITY,          )
                                          )
        Defendant.                        )

AMBROSE, Senior District Judge.

# OPINION AND ORDER

## Background

Plaintiff Helen Berry ("Berry") brings this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) for review of the ALJ's decision denying of her claim for supplemental security income (SSI), a period of disability, and disability insurance benefits ("DIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. Berry alleges a disability beginning on September 28, 2012 from lymphoma, diabetes mellitus, fatigue, Raynaud's phenomena, and obesity. (R. 20-22) Following a hearing before an ALJ, during which both Berry and a vocational expert ("VE") testified, the ALJ denied her claims. The ALJ concluded that Berry had the residual functional capacity ("RFC") to perform light work with several restrictions. (R. 23) Berry appealed. Pending are Cross Motions for Summary Judgment. *See* ECF Docket Nos. [12] and [14]. After careful consideration, the case is affirmed.

## Legal Analysis

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as ∀more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. <u>Medical Opinion Evidence</u>

Berry takes issue with the ALJ's assessment of medical evidence. A large portion of Berry's Brief in Support of her Motion for Summary Judgment is devoted to a

recounting of the evidence that she believes supports her claim for disability. Berry's efforts in this regard are unpersuasive. The:

> question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding. … Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dep't. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, Civ. No. 16-6647913, 2016 WL 6647913 at * 2 (W.D. Pa. Nov. 10, 2016), *citing, Weidow v. Colvin*, Civ. No. 15-765, 2016 WL 5871164 at * 18 (M.D. Pa. Oct. 7, 2016).

Berry's chief complaint appears to be the ALJ's treatment of the opinion proffered by Dr. Vogan. After careful review, I find no error in the ALJ's treatment of Dr. Vogan's opinion. The ALJ gave Dr. Vogan's opinion "little weight" because it was "not well supported by the totality of the medical evidence." This is an entirely appropriate and valid reason for discounting an opinion. *See* 20 C.F.R. § 404.1527 and § 416.927 (evaluating opinion evidence). *See also, Kerdman v. Commissioner of Soc. Sec.*, 607 Fed. Appx. 141, 144 (3d Cir. 2015). Substantial evidence supports the ALJ's conclusion that the symptoms Berry reported to Dr. Vogan during the examination, such as extreme fatigue, frequent naps, and significant joint pain, were related to the just finished chemotherapy treatment. For instance, the ALJ noted that, once Berry had completed chemotherapy, and she had been in remission for over two years, "other than occasional problems with forgetfulness, joint pain, and mild fatigue, the claimant has not reported significant problems to Dr. Pathe." (R. 25) Furthermore, the ALJ noted

4

that Berry's treatment for diabetes, Raynaud's phenomenon,[2] and back pain "has been routine and conservative, and she has not received specialized treatment for any of these impairments." (R. 25) Berry takes medication for her diabetes, but does not require insulin treatment. She has never treated with an endocrinologist or required emergency or inpatient treatment related to diabetes. (R. 25) With respect to her back pain, she receives treatment from a chiropractor but nothing else of record. (R. 25) Finally, with respect to Raynaud's phenomenon, Berry "has only occasionally reported symptoms" and "no specific treatment for this condition has been offered." (R. 25) Consequently, the ALJ's decision to accord Dr. Vogan's opinion "little weight" is supported by substantial evidence and therefore he was not compelled to give credence to Dr. Vogan's pronouncement regarding the "duration" of Berry's disability.

    3. Social Security Listing 02-1P

Berry next contends that the ALJ failed to properly apply Social Security Listing 02-1P. SSR 02-1P addresses "obesity" as an impairment. It makes clear that obesity should be considered at each stage of the sequential analysis. For instance, SSR 02-1P requires that ALJs "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." SSR 02-1P, 2000 WL 628049 at * 1. It also instructs ALJs to consider "the combined effects of obesity with other impairments." *Id.*

---

[2] Berry criticizes the ALJ for including limitations such as "must avoid exposure to temperature extremes" in fashioning the residual functional capacity assessment. *See* ECF docket no. [13], p. 8. Berry insists that this phrase is "too vague" to provide guidance with respect to her Raynaud's condition. As stated above, the ALJ's finding with respect to Raynaud's condition is supported by substantial evidence. Berry has not identified any other record evidence contradicting the ALJ's findings in this regard. Furthermore, the vocational expert was able to identify certain jobs consistent with limitations which included "must avoid temperature extremes." As such, I reject the contention that the phrase was too vague.

After careful consideration, I find that the ALJ satisfied the dictates of SSR 02-1P. For instance, he recognized "obesity" as a severe impairment at the second step of the analysis. (R. 22) At the third step, the ALJ found that "[t]he claimant's obesity is not attended with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the listings found in any musculoskeletal, respiratory, or cardiovascular body system listing affected by obesity (SSR 02-1p)." (R. 23) Further, in assessing Berry's RFC, the ALJ noted Berry's height and weight. He also recognized that Berry "describes symptoms reasonably attributed to her obese state" and that "[o]besity has an adverse impact upon co-existing impairments." (R. 25) The ALJ observed that obesity can limit a claimant's ability to "sustain activity on a regular and continuing basis during an eight-hour day, five-day week or equivalent schedule." (R. 25) The ALJ explained that he considered Berry's obesity in limiting her performance to light work. (R. 26) Thus the ALJ discharged his duty to consider obesity at every stage of the analysis.

According to Berry, the ALJ's analysis is deficient because there was no consideration of her fatigue. *See* ECF docket no. 13, p. 12-13. Her argument is not persuasive. Berry has not identified any medical evidence relating to how her fatigue is exacerbated by her obesity. She has not offered any physician's reports. Instead, she submits a portion of the transcript in which she speaks to her fatigue. (R. 52) Nowhere in this testimony is a connection made between her obesity and fatigue. Instead, Berry links her fatigue to diabetes. As set forth above, substantial evidence supports the ALJ's finding that Berry's diabetes is addressed through routine and conservative treatment. Further, to the extent that the ALJ discounted Berry's claims of fatigue as lacking

6

credibility, Berry has not attacked this finding. Consequently, the ALJ's decision should be affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HELEN BERRY,
    Plaintiff,

-vs-                                      Civil Action No. 16-1712

NANCY A. BERRYHILL,[3]
COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 9th day of February, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 12) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 14) is GRANTED.

                                        BY THE COURT:

                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.